UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-cv-61251

SASHA M. RAGOOBAR,

    Plaintiff,

v.

COMCAST CABLE COMMUNICATIONS, LLC,
and CREDIT MANAGEMENT, LP,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**<u>INJUNCTIVE RELIEF SOUGHT</u>**

Plaintiff Sasha M. Ragoobar ("Plaintiff") sues Defendant Comcast Cable Communications, LLC, and Defendant Credit Management, LP (collectively, the "Defendants") for violations of 15 U.S.C §1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

**JURISDICTION AND VENUE**

1.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.    Supplemental jurisdiction exists for the claims arising under FCCPA pursuant to 28 U.S.C. §1367.

3.    Venue in this District is proper because Plaintiff resides here, Defendants transacts business here, and the complained conduct of Defendants occurred here.

## PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

5. Defendant Comcast Cable Communications, LLC ("Defendant-Creditor") is a Delaware limited liability company, with its principal place of business located in Philadelphia, Pennsylvania.

6. Defendant Credit Management, LP ("Defendant-DC") is a Nevada limited partnership, with its principal place of business located in Plano, Texas.

7. Defendant-DC engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

8. At all times material, Defendant-DC was acting as a debt collector in respect to the collection of Plaintiff's debts.

9. At all times material, Defendant-Creditor was the creditor of the debts Defendant-DC sought to collect from Plaintiff.

## DEMAND FOR JURY TRIAL

10. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

11. This action involves an erroneous debt arising from a transaction between Plaintiff and Defendant-Creditor for the provision of telecommunication services, of which was primarily for the personal benefit of Plaintiff, Plaintiff's family, as well as members of Plaintiff's household.

12. On or about January 10, 2020, Plaintiff spoke with Defendant-Creditor over the phone. Plaintiff informed Defendant-Creditor that Plaintiff was canceling Plaintiff's account.

Defendant-Creditor confirmed the cancelation and confirmed that no payment was otherwise due. Defendant-Creditor assured Plaintiff the Plaintiff's account was otherwise closed.

13. On or about February 3, 2020, Plaintiff received an e-mail from Defendant-Creditor. The email stated that Plaintiff owed Defendant-Creditor $122.27 dollars, despite Plaintiff having canceled her account on January 10, 2020, and being told by Defendant-Creditor on January 10, 2020, that Plaintiff had no further payment due.

14. On February 3, 2020, Plaintiff called Defendant-Creditor for clarification, as Plaintiff had canceled her account with Defendant-Creditor on January 10, 2020, over the phone. Instead of admitting its mistake, Defendant-Creditor falsely told Plaintiff account had been "frozen," and not *closed*. Defendant-Creditor further stated that, because the account was *frozen*, and not *closed*, Plaintiff owed Defendant-Creditor money, namely, that Plaintiff had a past-due balance of $122,27. Plaintiff, again, told Defendant-Creditor that Plaintiff had closed the account on January 10, 2020, and that Plaintiff was told that she owed Defendant-Creditor nothing further on January 10, 2020.

15. Despite Plaintiff's adamance regarding the conversation had on January 10, 2020, Defendant-Creditor remained steadfast in extracting additional funds from Plaintiff, namely the erroneous past-due balance of $122.27. Thus, in the abundance of caution – realizing that Defendant-Creditor clearly was going to do as it pleased regardless of what the truth was – Plaintiff paid Defendant-Creditor the said $122.27 that same day.

16. Subsequent to the February 3, 2020, conversation with Plaintiff, Defendant-Creditor wrongfully assessed further erroneous fees, charges, and costs (collectively, the "Consumer Debt") to Plaintiff's account with Defendant-Creditor, even though Plaintiff had now twice paid Defendant-Creditor to close her account. Put differently, even though Plaintiff paid

PAGE | **3** of **9**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Defendant-Creditor everything she owed to Defendant-Creditor *and then some,* Defendant-Creditor turned the Consumer Debt over to Defendant-DC for collections.

17. Defendant-Creditor knew that it did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff. Despite knowing this, however, Defendant-Creditor contacted Defendant-DC to collect, or attempt to collect, the Consumer Debt from Plaintiff. In so doing, Defendant-Creditor disclosed to Defendant-DC *false* information about Plaintiff and/or information that Defendant-DC had no *legitimate* business need for, the likes of which affected the reputation of Plaintiff.

18. For example, Defendant-Creditor disclosed to Defendant-DC (the "Disclosure"), *among other things*: [1] the existence of the Consumer Debt; [2] that the Consumer Debt was owed to Defendant-Creditor by Plaintiff; and [3] that Plaintiff did not pay the Consumer Debt and/or Plaintiff defaulted on the Consumer Debt.

19. The Disclosure affected Plaintiff's reputation. For example, the disclosure affected Plaintiff's reputation regarding the repayment of debts, Plaintiff's reputation of truthfulness, Plaintiff's reputation of solvency, and Plaintiff's reputation regarding trustworthiness.

20. After the Defendant-Creditor referred the collection of the Consumer Debt to Defendant-DC, Defendant-DC sent Plaintiff a collection letter (the "Collection Letter") in an attempt to collect the Consumer Debt.

21. The Collection Letter was a communication from Defendant-DC to Plaintiff in connection with the collection of the Consumer Debt.

22. The Collection Letter represented an action to collect the Consumer Debt from Plaintiff by Defendant-DC.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

23. The Collection Letter falsely identified stated that Plaintiff owed Defendant-Creditor $157.00.

24. As recently as May 1, 2020, in connection with the collection of the Consumer Debt, Defendant-DC reported the Consumer Debt to the credit reporting agencies, and in so doing, falsely stated that Plaintiff owed Defendant-Creditor money, as well as further falsely reported the amount due as $157.00.

25. Defendant-DC is a debt collector governed by both the FDCPA, as well as the Florida Consumer Collection Practices Act.

26. Defendant-DC is a business entity engaged in the business of soliciting consumer debts for collection.

27. Defendant-DC is a business entity engaged in the business of collecting consumer debts.

28. Defendant-DC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

29. At all times material, Defendant-DC was acting as a debt collector in respect to the collection of the Consumer Debt.

30. Defendant-DC is an entity required to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency" to lawfully collect consumer debts in Florida.

31. The Consumer Debt is a debt which Defendant-DC must possess a valid Consumer Collection Agency license to lawfully collect or attempt to collect from Plaintiff.

32. Defendant-DC is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

33. Defendant-DC's "Consumer Collection Agency" license number is CCA0900560.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

34.     For Defendant-DC's "Consumer Collection Agency" license to remain valid, Defendant-DC is required to maintain, *at minimum*, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

35.     Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that Defendant *shall* maintain: "[t]he debtor's account of activity disclosing… a record of payments made by the debtor, including the date received and the amount and balance owing."

36.     Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that Defendant *shall* maintain: "basic information about the debt including, at minimum… [d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

37.     Defendant-DC maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

38.     The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant-DC does maintain, are current to within one week of the current date.

## *COUNT I.*
## **VIOLATION OF 15 U.S.C. §§ 1692e, and e(2)(A)**

39.     Plaintiff incorporates by reference paragraphs 1-38 of this Complaint as though fully stated herein.

40.     Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he false representation of the character, amount, or legal status of any debt.*" 15 U.S.C. 1692e(2)(A). (emphasis added).

41. As stated above, Defendant-DC mailed the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt, the likes of which Plaintiff did not owe. The Collection Letter, however, causes the least sophisticated consumer to believe that he or she is otherwise responsible for the repayment of the Consumer Debt, despite no such debt being owed. Thus, Defendant-DC violated § 1692e and § 1692e(2)(A) of the FDCPA by mailing the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt.

42. Further, as stated above, Defendant-DC reported the existence of the Consumer Debt, and the associated erroneous amount, to the various national credit bureaus in an attempt to collect the Consumer Debt, despite no such debt being owed. Thus, Defendant-DC violated § 1692e and § 1692e(2)(A) of the FDCPA by reporting the Consumer Debt to one or more of the national credit bureaus on May 1, 2020.

43. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief:

(a) Statutory damages as provided by 15 U.S.C. §1692k;

(b) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

(c) Any other relief that this Court deems appropriate under the circumstances.

### COUNT II.
### VIOLATION OF FLA. STAT. § 559.72(5)

44. Plaintiff incorporates by reference paragraphs 1-38 of this Complaint as though fully stated herein.

45. Pursuant to § 559.72(5) of the FCCPA, in collecting consumer debts, no person shall: "*[d]isclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that*

PAGE | **7** of **9**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

*the other person does not have a legitimate business need for the information or that the information is false.*" Fla Stat. § 559.72(5) (emphasis added).

46. As stated above, on February 3, 2020, Defendant-Creditor knew that Plaintiff closed her account with Defendant-Creditor and that Plaintiff paid Defendant-Creditor everything it was entitled to collect from Plaintiff, *and then some*. Despite knowing this, Defendant-Creditor wrongfully drummed up the existence of the Consumer Debt and referred the collection thereof to Defendant-DC.

47. Despite knowing that it (Defendant-Creditor) did not have any statutory right or contractual authority to collect the Consumer Debt from Plaintiff, Defendant-Creditor, nevertheless, referred the collection of the Consumer Debt to Defendant-DC. In so doing, Defendant-Creditor disclosed to Defendant-DC *false* information about Plaintiff and/or information that Defendant-DC had no *legitimate* business need for. For example, Defendant-Creditor disclosed to Defendant-DC: **[1]** the existence of the Consumer Debt; **[2]** that the Consumer Debt was owed to Defendant-Creditor by Plaintiff; and **[3]** that Plaintiff did not pay the Consumer Debt and/or defaulted on the Consumer Debt.

48. Thus, in light of the above, Defendant-Creditor violated § 559.72(5) of the FCCPA by referring the collection of the Consumer Debt to Defendant-DC for collection.

49. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-Creditor, awarding Plaintiff the following relief:

    (a) Statutory damages as provided under Fla. Stat. §559.77(2);

    (b) An injunction prohibiting Defendant-Creditor from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

    (c) Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

    (d) Any other relief that this Court deems appropriate under the circumstances.

DATED: June 25, 2020

Respectfully Submitted,

/s/ Jibrael S. Hindi                              .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:     jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:     tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:      954-907-1136
Fax:         855-529-9540

PAGE | **9** of **9**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com